IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND H. SMITH | : | |
| | : | |
| | : | |
| | : | |
| V. | : | C.A. NO. 04-4505 |
| | : | |
| | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY | : | |

WEINER, J.                                                                                           June 22, 2005

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond H. Smith ("Smith") seeks judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security, who found that plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403, 1381-1383f. Presently before the court are the parties' cross-motions for summary judgment. For the reasons which follow, we find the ALJ was supported by substantial evidence when he concluded the benefits

should be denied. Accordingly, the motion of the plaintiff will be denied, and the motion of the defendant will be granted.

## STANDARD OF REVIEW

When reviewing a denial of claimant's application, a reviewing court applies the "substantial evidence" standard. See 42 U.S.C. § 405(g); Burns v. Barnhart, 312 F.3d 113 (3d Cir. 2002). "Substantial evidence is 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d. Cir. 1992).

## PROCEDURAL HISTORY

Smith protectively filed an application for DIB and SSI on August 5, 1994, alleging disability due to cervical radiculitis, difficulty with left hand pain radiating down his left arm, neck stiffness, and weakness in his left arm. R-14. After his application was initially denied on September 2, 1994, claimant filed a timely

request and was granted a hearing before an Administrative Law Judge ("ALJ"), which was originally held on June 6, 1996. Id. After reviewing the evidence and hearing testimony from Smith, medical experts, and vocational experts, the ALJ determined that Smith was not disabled at any time through the date of the decision and was not eligible for DIB or SSI benefits. Id. On appeal to this court, Smith's case was remanded to the ALJ for another hearing with a new vocational expert. Id. Smith filed two further applications for SSI and DIB benefits, both claiming the onset date of his disabilities as March, 1994, and alleging the same disabilities as he did in his original application. R-14, 15. Smith's SSI and DIB applications were combined at the supplemental hearing, but the ALJ once again denied benefits to Smith on June 8, 2000, holding that he was not disabled as a matter of law. R-15.

Following this denial, Smith filed another appeal to this court on August 24, 2001. Id. In September 2002, the Commissioner's motion for summary judgment was granted by Judge Newcomer of this court, affirming the holding that Smith was not disabled and not entitled to DIB or SSI benefits. Smith appealed that decision, which was affirmed by the Third Circuit in May, 2003. The Third Circuit's decision thus became a final judgment on the merits of Smith's initial and consolidated applications.

Smith filed another application on April 2, 2003, alleging that became disabled in August, 1996 due to a herniated cervical disc, injury causing severe pain

and seizure disorder, anxiety and depression. Id. This claim was denied administratively on June 3, 2003, and the claimant then filed a timely request for hearing. As the ALJ found that no new or material evidence had been furnished with regards to the April, 2003, application, so as to reopen the prior determination with respect to Smith's disability prior to June 8, 2000, evidence received at the new hearing was limited to Smith's status post the date of the original ALJ decision. Id.

The hearing was held on February 23, 2004 to determine whether Smith was entitled to a period of disability and benefits. In determining whether Smith was disabled, the ALJ had to determine when Smith was last insured, which was found to be December 31, 2000. Id. Due to the res judicata effect of Smith's prior case, and the expiration of his insured status, the ALJ held that in order to be found "disabled", Smith must establish an onset date of disability between June 8, 2000, and December 31, 2000.

After reviewing the evidence and hearing testimony from Smith and a vocational expert, the ALJ found that although Smith has severe impairments due to seizure disorder, cervical radiculopathy, and depression, these impairments were not of sufficient severity to meet or equal the requirements for disability. R-26. The ALJ also found that Smith had the residual functional capacity to perform work given adequate seizure precautions, such as any job that would not expose him to dangerous and moving machinery or unprotected heights. R-21. The ALJ found that between

June 8 and December 31, 2000, Smith's seizure condition was relatively benign, and continued to be so after his period of insurance ended due to treatment and medication. R-23. Claimant's depression and anxiety impairments were found to be controlled with medication, as indicated by his treating physician. R-24. The ALJ held that, although Smith could no longer carry out physical activity to the extent that he once could, there were jobs in the national economy that he could perform, considering his residual functional capacity and seizure precautions. R-25. Smith's employment options, as proposed by a vocational expert and accepted by the ALJ, include hand packer, kitchen helper (including dishwasher), and laundry worker. Id.

During the 2004 hearing, the ALJ also found that Smith's testimony and complaints could not be fully credited because the medical evidence revealed that visits to treating physicians during the six-month period where Smith was eligible for disability benefits were made simply because he was trying to get benefits. R-20.

The ALJ found that the only clear injuries sustained during the six-month period were those that resulted after a police altercation in October, 2000, when Smith was arrested after smoking marijuana in his room at the YMCA. R-21. After this altercation, in which the police had to forcibly handcuff Smith after he resisted arrest, claimant complained of back, neck and shoulder pain and of shortness of breath. R-18. Smith was taken to the hospital and treated for these injuries, which the doctors diagnosed as muscle strain. Id. Treatment for these injuries did not end

until after the insured period ended in December, 2000, but the ALJ here found that even if Smith's insured status had continued, these injuries would not constitute disabilities under the Act. R-23.

In his motion for summary judgment, Smith argues that the ALJ erred in finding that Smith did not suffer severe functional limitations after (1) discounting Smith's credibility, which was supported by substantial medical evidence, and (2) finding that Smith suffered only mild restrictions of activities of daily living. Claimant further argues that the ALJ erred in finding that his impairments are not severe enough to render him "disabled" under the Act because he was applying for disability benefits and that generally enhanced weight should be given to the findings and opinions of treating physicians.

## DISCUSSION

A treating physician's opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.92(d)(2). "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which

supporting explanations are provided." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985)).  Final determinations of the ultimate issue of a claimant's disability are reserved to the Commissioner.  See 20 C.F.R. § 416.927.

      We find the ALJ was supported by substantial evidence when he concluded that Smith was not disabled.  Although Smith saw his regular physicans, Dr.'s Debuque and Reese, for pain and treatment for his seizures, each physician's examinations yielded minimal findings, during the relevant time period before Smith's insured status lapsed.  The ALJ found that there was scant medical evidence in the treatment notes supporting claimant's subjective testimony that he is unable to work because of his back and neck problems, seizures, and depression. R-23.  The ALJ also held that the scant medical evidence that did exist consisted chiefly of the claimant's visits to his doctors to support his attempt to get Social Security benefits, as well as the treatment he received after the police altercation.  Id.  Although Smith suffered from subjective pain, his physicians' notes indicate that it improved with the medication he was prescribed.  Id.  Further, the only treatment notes indicating impairments during the six month period show continued seizures, disc herniation, and neck, arm and back pain.  See R-268-311.  There is no indication from Smith's treating physicians that the impairments worsened or became more severe between June 8, 2000 and December 31, 2000.  In addition, the ALJ found that there was no

objective medical evidence present in treatment notes to support limitations in sitting, standing, walking, and lifting due to pain, which the claimant alleges. R-23. We agree that there is substantial evidence to support the weight given to Smith's treating physicians' notes by the ALJ.

Dr. Debuque completed a "Medical Source Statement of Authority to do Work Related Activities" in February, 2004, stating that Smith could only perform a limited range of work not involving lifting or carrying anything heavier than ten pounds. R-20. The ALJ concluded that this assessment would not be given controlling weight because it was not supported by medical evidence. We find that there is substantial evidence supporting this decision, and also agree with the ALJ that because the assessment was completed four years after the relevant time period, it's usefulness in determining Smith's limitation was negligible. R-20.

Additionally, we find that the ALJ's holding that Smith did not suffer severe functional limitations was supported by substantial evidence. Smith alleged that during the period from June, 2000, until December, 2000, he suffered functional limitations that affected standing, sitting, walking, and lifting to due to pain. R-23. However, the ALJ found that Smith was capable of performing work with seizure precautions. R-24. Smith suffered only one to two seizures during the six month period of eligibility in 2000, and continues to suffer from approximately four to six seizures per year. R- 22. Additionally, Smith's treating physicians have indicated

that his seizures are under control to the extent that he is even able to drive a car. Id.

Smith testified that he is unable to work because his impairments preclude him from being able to make a commitment to a full-time job. Id. Smith, however, has held a leadership position with his church for ten to fifteen years and consistently performs duties associated with this position. Id. He attends meetings and serves on various committees. Id. Although he is no longer able to help others carry groceries, cut grass, or shovel snow, he still visits the sick and elderly, helps with food shopping, operates the public address sound system, works the offering plate and hands out literature door to door. R-22. Smith also testified that, had the steel plant where he was employed not shut down, he would still have continued to work there. R-24. Although there is medical evidence pertaining to his back and neck problems during the six month period in which he was eligible for benefits (including the diagnostic testing results showing disc herniation and tears in the right shoulder), the ALJ found that Smith's limitations are not so severe to functionally limit him with regards of all type of work. R-18. We find that there is substantial evidence supporting this finding. During the six month period, there is no objective evidence showing that Smith's impairments limit him to the extent that he has testified.

Smith also testified that he is unable to work due to depression. Smith was treated by a psychiatrist for depression and anxiety during the time he was

applying for and trying to get disability benefits, but stopped seeing him during the four years between the lapse of Smith's insured status and the 2004 ALJ hearing. R-24. Although Smith told his treating physician, Dr. Debuque, in May 2000, that he was depressed due to the death of one of his other treating physicians, Debuque's treatment notes thereafter refer only to a "history" of depression, rather than any current symptomology. R-276-281. Smith was prescribed an anti-depressant at the time but did not want to take it because he did want to become addicted to the medication. R-24.

Since the record contains little evidence to show that Smith's limitations worsened during the period between the final determination of his prior application and the lapse of insured status, we find the ALJ was supported by substantial evidence when he concluded that Smith's limitations, although severe, did not meet or exceed the list of impairments. The ALJ was also supported by substantial evidence when he concluded that Smith was capable of performing medium unskilled work with seizure precautions.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND H. SMITH | : | |
| | : | |
| V. | : | C.A. NO. 04-4505 |
| | : | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | |

## **ORDER**

The motion of Raymond H. Smith for summary judgment is DENIED.

The motion of Jo Anne B. Barnhart, Commissioner of Social Security for summary judgment is GRANTED.

Judgment on the merits is ENTERED in favor of Jo Anne B. Barnhart, Commissioner of Social Security and against Raymond H. Smith.

IT IS SO ORDERED.

              /s/ Charles R. Weiner          
                CHARLES R. WEINER